FILED

2014 Apr-07  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BILLY RYAN LOONEY, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:13-CV-00733-KOB** |
| **SHEILA D MOORE, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter comes before the court on "Plaintiffs' Motion to Partially Vacate the Protective Order Entered by this Court on March 21, 2014." (Doc. 42).  For the following reasons, the court DENIES the motion. This court's Protective Order will remain in effect as issued. (Doc. 41).

I.      **BACKGROUND**

This case involves a clinical research trial performed on premature infants with low birth weights. The class action suit, brought by the infant Plaintiffs, by and through their parents, alleges that the members of the University of Alabama at Birmingham Institutional Review Board, the doctor who was the principal investigator for the study, and the company that provided a device for the study were negligent and lacked informed consent, among other allegations. (Doc. 32).

On March 13, 2014, Defendants filed a Motion for Protective Order. (Doc. 40). Pursuant to the court's Scheduling Order, which states that the court will grant any discovery motion unless the party opposing the motion responds within three days, the court waited three days for

1

the Plaintiffs to respond. (Doc. 38). When the Plaintiffs failed to respond within three days, the

court granted the motion and entered Defendants' proposed Protective Order. (Doc. 41).

On March 24, 2014, Plaintiffs filed a Motion to Partially Vacate the Protective Order.

(Doc. 42). In their motion, Plaintiffs asked the court to vacate a single sentence of the Protective

Order: "All Discovery Material produced in the above captioned action (the 'Litigation') is to be

used solely for the purposes of this Litigation." On March 27, 2014, Defendants filed their

opposition to the motion. (Doc. 43).

## II.    ELEVENTH CIRCUIT DISCOVERY PRACTICE

The court finds that Plaintiffs' motion is due to be denied on the merits because no right

of public access to discovery material exists in the Eleventh Circuit. The Eleventh Circuit has

repeatedly acknowledged the private nature of discovery, stating: "Discovery, whether civil or

criminal, is essentially a private process because the litigants and the courts assume that the *sole*

*purpose* of discovery is to assist trial preparation." *Chicago Tribune Co. v.*

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1316 (11th Cir. 2001) (quoting *United States v.*

*Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)) (emphasis in original). The Court has also

found that "[d]iscovery is neither a public process nor typically a matter of public record.

Historically, discovery materials were not available to the public or press." *United States v.*

*Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S.

20, 32-34 (1984)). Further, the Circuit Court noted that "private documents collected during

discovery are not judicial records," that the "common-law right of access does not extend to

information collected through discovery which is not a matter of public record," and that the

"discovery process, as a matter of legislative grace, is a statutorily created forum not traditionally

open to the public." *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987) (internal citations omitted).

Based on this standard of practice, the court finds that restricting the use of discovery materials to case-related purposes only, even over Plaintiffs' objection, is within this court's discretion and authority even without the application of the Rule 26(c) good cause standard. By its text, Rule 26(c) applies to situations where the court is either limiting what a party has to produce *at all* in the discovery process, or limiting public access to documents that are *actually filed* in the case. Fed. R. Civ. Pro. 26(c). The disputed limitation in this case does not fall into either of these categories; Defendants are not asking the court for permission to withhold any specific information *from the Plaintiffs*, and are likewise not at this point asking for any specific documents to be withheld from public view once they are filed with the court.

## III.    RULE 26(c) GOOD CAUSE

As an alternative, even if the Rule 26(c) good cause standard applied, the court finds that it is met in this case. Rule 26(c) states: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

The court has already expressed to the parties its concern that this potentially high profile case will be tried in the media, rather in the courtroom. Significant media coverage of the case has already occurred.[1] In the interest of justice, this court is committed to giving both parties a

---

[1] *See* Mike Oliver, *Lawsuit says UAB study harmed premature babies*, AL.com (April 18, 2014), http://blog.al.com/spotnews//print.html?entry=/2013/04/lawsuit_says_uab_study_harmed.html; Meyer Michelle, OHRP Suspends Compliance Action Against SUPPORT Study Sites Pending Public Hearing & Guidance, Harvard Law Petrie-Flom Center (June 5, 2013)

fair trial, which includes protecting the Defendants from the "annoyance, embarrassment, [and] oppression" that could occur from allowing their names to be dragged through the metaphorical mud before a jury has even made any determination of wrongdoing. At least one other court has cited the risk of excessive publicity preventing the selection of an impartial jury as legitimate support for a finding of good cause under Rule 26(c). *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 4 (1st Cir. 1986) (overturning the district court's decision on other grounds). As such, the court finds that good cause exists to support the Protective Order as written, and Plaintiffs' motion to vacate is due to be denied.

## IV.   CONCLUSION

For the reasons stated above, the court DENIES Plaintiffs' motion to vacate. This court's Protective Order will remain in effect as issued. (Doc. 41).

DONE and ORDERED this 7th day of April, 2014.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

---

http://blogs.law.harvard.edu/billofhealth/2013/06/05/ohrp-suspends-compliance-action-against-support-study-sites-pending-public-hearing-guidance/; Richard Knox, *NIH Chief Rejects Ethics Critique Of Preemie Study*, NPR (June 6, 2013), http://www.npr.org/blogs/health/s013/06/06/189156915/nih-chief-rejects-ethics-critique-of-preemie-study; *Public Citizen: Oxygen Experiment On Premature Babies is Highly Unethical*, Citizen.org (June 2013), http://www.citizen.org/Page.aspx?pid=5971.